IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
AUDREY CARTER,
                                    Civil No. 11-2198 (JBS-KMW)
            Plaintiff,

       v.                                    MEMORANDUM
                                              OPINION
ALL DISTRICT FEDERAL JUDGES USA,
PRESIDENT OBAMA, GEORGE BUSH,
JUDGE FREDA WOLFSON, JUDGE
AMBRO, JUDGE CHAGERES, JUDGE
GREENBERG, DEPARTMENT OF
JUSTICE, SUPREME COURT, STATE OF
NEW JERSEY, STATE OF
PENNSYLVANIA,

            Defendants.
```

SIMANDLE, District Judge:

    Plaintiff, Audrey Carter, has filed a Civil Complaint on April 15, 2011, which has been assigned to the docket of the undersigned District Judge.  Ms. Carter seeks leave to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915, and she also applies for appointment of pro bono counsel.  A review of her application indicates she is without funds to pay the filing fee, so leave to proceed without prepayment of fees will be granted.

    At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary

relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint must be dismissed.

## I.   BACKGROUND

Audrey Carter brings this action against a group of many hundred defendants, named and unnamed, consisting of:

>ALL DISTRICT FEDERAL JUDGES USA
>
>PRESIDENT OBAMA
>
>GEORGE BUSH
>
>JUDGE FREDA WOLFSON
>
>JUDGE AMBRO
>
>JUDGE CHAGERES
>
>JUDGE GREENBERG
>
>DEPARTMENT OF JUSTICE
>
>SUPREME COURT
>
>STATE OF NEW JERSEY
>
>STATE OF PENNSYLVANIA

Plaintiff alleges that she filed approximately seventeen cases since 1999 in federal court in Trenton, New Jersey and in the United States Court of Appeals in Philadelphia.  She alleges the judges would not read her papers and would rule without a hearing in court and would not advise her of her time for appeal.  She alleges that she was discriminated against by the courts, that

the U.S. laws are wrong, that she was wrongly denied pro bono counsel, and that these are crimes for which the judges should be prosecuted.

As relief, Plaintiff seeks to have all judges and prosecutors prosecuted for not giving her a fair hearing and equal justice, together with a demand of $998 million, plus interest, against those who presided over her cases, or who did not let her win on her appeals.  Apparently, this relief is sought against all defendants including the President who has no known connection to her cases and all federal district judges who have never had contact with her on her cases, since she names all judges as defendants.

## II.  PROPRIETY OF ADJUDICATION

The Court considers sua sponte the threshold issue whether the undersigned should recuse from adjudicating this case which names "All District Federal Judges" as defendants.  Recusal is governed by 28 U.S.C. § 455.  The undersigned would be nominally included in that broad category, since the undersigned is a Federal District Judge.  On the other hand, the undersigned is not named as an individual defendant, has never handled Ms. Carter's cases, and has no personal knowledge of the facts of her case.

The naming of "all federal judges" as defendants does not result in their disqualification. If disqualification were required by naming all federal judges, then no federal judge would be able to sit in the case. Under the "rule of necessity," according to the Supreme Court, "where all are disqualified, none are disqualified." United States v. Will, 449 U.S. 200, 217 (1980); Pilla v. Am. Bar Ass'n, 542 F.2d 56, 59 (8th Cir. 1976).

In a case with allegations quite similar to this one, Ignacio v. Judges of the United States Court of Appeals for the Ninth Circuit, 453 F.3d 1160 (9th Cir. 2006), the plaintiff sought to disqualify the entire court of appeals from hearing his case, on the grounds that all Ninth Circuit judges had conspired to dismiss his previous suits. The court explained that under the "rule of necessity," no judge would be disqualified because to do so would prevent the relevant court from hearing the appeal. Id. at 1163 (citing U.S. v. Will, supra, 449 U.S. 200).

In this circumstance, the undersigned need not recuse, nor does the undersigned harbor any bias, extrinsic knowledge, or partiality with regard to the matter.

Further, the fact that judicial colleagues are named as defendants also does not require recusal. If the litigation is patently frivolous, or judicial immunity is plainly applicable, recusal would not be appropriate.

4

### III.   STANDARDS FOR SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff.  Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds pro se, her pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.  Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

5

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. <u>See Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions.  <u>See Ashcroft v. Iqbal</u>, –U.S.–, 129 S. Ct. 1937 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007).  The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." <u>Id.</u> at 1949.  When determining whether dismissal is appropriate, the Court conducts a two-part analysis. <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).  First, the factual and legal elements of a claim are separated.  <u>Id.</u>  The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions.  <u>Id.</u> at 210-11.  Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show

6

that Plaintiff has a "plausible claim for relief."[1]  Id. at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts.  Id.  "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).  The Court will now apply those general standards to the present case.

## IV.  ANALYSIS

The Complaint is deficient in many respects.  First, it fails to state the grounds for the court's jurisdiction, and none is apparent, contrary to the pleading requirements of Rule 8(a)(1), Fed. R. Civ. P.

Second, it fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8(a)(2), Fed. R. Civ. P.

---

[1] A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal,129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

Third, it seeks relief from defendants who are immune from suit. In alleging that judicial officers have been biased or unfair in addressing Plaintiff's claims and appeals, the Complaint seeks relief barred by the well-established doctrine of judicial immunity. Judges acting in their judicial capacity are absolutely immune, in both their individual and official capacities, from suit for monetary damages under the doctrine of judicial immunity. See Mireles v. Waco, 502 U.S. 9 (1991); Forrester v. White, 484 U.S. 219, 227 (1988). Further, by naming all federal district judges in the United States as defendants, Plaintiff is joining defendants who have no connection with the conduct of which she complains. This is a hallmark of a frivolous and malicious suit under 28 U.S.C. § 1915(e)(2), supra.

Similarly, the Department of Justice and its prosecutors are immune from suit for performing their duties, whether by prosecuting or declining to prosecute criminal cases. Imbler v. Pachtman, 424 U.S. 409, 410 (1976); Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). The Complaint will be dismissed against all prosecutorial defendants.

The Complaint names President Obama and former President George Bush as defendants. The President and a former President are entitled to absolute immunity from damages liability predicated on conduct within the scope of official presidential

duties.  <u>Nixon v. Fitzgerald</u>, 457 U.S. 731, 749 (1982).  The Complaint is legally frivolous as to these defendants.

The monetary relief sought is barred by the above immunity doctrines, and Plaintiff's prayer that the Court require that all the defendants be prosecuted for crimes is also barred by separation of powers.  This Court has no authority to launch prosecutions or to require the Attorney General to do so; that is a function within the sole prerogative of the Executive Branch.  Further, decisions of a prosecutor whether to investigate or charge criminal conduct are within prosecutorial discretion and cannot be mandated by a court under its mandamus jurisdiction.  Further, Plaintiff is largely seeking this Court to review the decisions reached by other judges in other cases; Congress has provided that the sole jurisdiction to review decisions of the district courts lies in the court of appeals, upon a timely appeal, pursuant to 28 U.S.C. §§ 1291 & 1292, and not in this district court.

## V.   SUMMARY

For the above-stated reasons, this Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2), as frivolous, malicious, lacking in jurisdiction, failing to state a claim, and seeking relief barred by well-established immunity doctrines.

Plaintiff's motion to appoint pro bono counsel will be denied because the underlying lawsuit has no possible merit, and

9

plaintiff is not entitled to free representation by counsel in a civil case under 28 U.S.C. § 1915(e)(1).

The dismissal will be with prejudice because it is clear that any amendments to the Complaint, given its utter structural defects, would be futile.

The accompanying Order is entered.

                                      **s/ Jerome B. Simandle**
                                      JEROME B. SIMANDLE
                                      U.S. District Judge